Samuel H. Hofstadter, J.
The plaintiff has obtained a warrant of attachment for $22,250, with interest, pursuant to which a levy on the defendant’s property was made through service on a firm of stockbrokers with whom he has an account. These stockbrokers have certified that they are holding 17,900 shares of common stock of Lamb Industries, Inc., as collateral for the defendant’s indebtedness to them of $44,907.59 with interest from November 30, 1960. The defendant asserts that this stock has a present market value of approximately $120,000, so that his equity therein now held subject to the attachment is substantially in excess of the amount reasonably necessary to satisfy the plaintiff’s demand.. He has accordingly moved pursuant to section 942 of the Civil Practice Act for a release *661 from the levy under the attachment of the stock in excess of the amount necessary to satisfy the plaintiff’s demand, with costs and expenses. That amount the court fixes at $28,000. The stockbrokers seem ready to co-operate; the plaintiff, however, opposes, mainly because of its fear that the sale of a large block of the stock of a corporation apparently affiliated with it will depress its market value. That, of course, is a matter irrelevant here, except as it affects the value of the stock while subject to the levy, for the court’s sole concern can be that the amount held subject to the attachment, however realized, is adequate to secure the plaintiff’s claim. The defendant may deposit with the Sheriff, to be held by him subject to the attachment the sum of $28,000—or file an undertaking in that amount, whereupon the property attached will be released from the levy. In the alternative the defendant may, with the consent of the stockbrokers, sell for the account of the Sheriff, free of the lien of the stockbrokers, so much of the stock held by them as will produce a net sum of $28,000, to be deposited with the Sheriff subject to the attachment, whereupon the remaining stock will be released from the levy. The motion for an additional undertaking is denied, without prejudice to renewal.